UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,          Case No. 18-20237
                  Hon. Mark A. Goldsmith
vs.

ANTHONY COLE,

   Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT ANTHONY COLE'S MOTION FOR SENTENCE REDUCTION (Dkt. 167)**

Defendant Anthony Cole pleaded guilty to conspiracy to commit healthcare fraud. See Judgment (Dkt. 137). The Court sentenced him to 40 months' imprisonment on July 11, 2019. Id. Cole, age 40, began serving his custodial sentence at FCI Hazelton on October 3, 2019. He has served a little over one year of his sentence. Cole's projected release date is August 5, 2022.

On June 4, 2020, Cole filed a motion seeking a sentence reduction under 18 U.S.C.§ 3582, arguing that his spouse has serious medical conditions, which, in conjunction with the COVID-19 pandemic, render her incapable of caring for herself or their 10-year-old daughter (Dkt. 160). On September 24, 2020, the Court denied this motion without prejudice due to Cole's failure to exhaust his administrative remedies (Dkt. 166). Cole now renews his motion, seeking a sentence reduction on the same bases as his June 4, 2020 motion. For the reasons that follow, the Court denies Cole's motion.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

## I.     LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003-1004 (6th Cir. 2020). Before granting a compassionate-release motion, a district court must engage in a three-step inquiry: (i) the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the Sixth Circuit recently held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13. Jones, 980 F.3d at 1109. It further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

Although courts are not required to consider § 1B1.13 in ruling on compassionate release motions brought directly by inmates, United States v. Elias, —F.3d—, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021), § 1B1.13 still provides a useful working definition of "extraordinary and compelling reasons," and thus may be consulted to "guide discretion without

being conclusive," United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (citing Gall v. United States, 552 U.S. 38, 49-50 (2007); Kimbrough v. United States, 552 U.S. 85 (2007)).

In the commentary to § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with," the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D). "Beyond the extraordinary-and-compelling-reasons requirement, this policy statement also requires a district court to find that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" Ruffin, 2020 WL 6268582, at *4 (quoting U.S.S.G. 1B1.13(2)-(3)).

## II. ANALYSIS

Cole seeks release to serve as the caregiver of his wife and 10-year-old daughter. He argues that his wife has lupus, an autoimmune disorder, which, in conjunction with the pandemic, renders her incapable of caring for herself or the couple's daughter.

The Court looks to U.S.S.G. § 1B1.13 to guide its analysis of whether Cole has shown "extraordinary and compelling" circumstances warranting compassionate release. In the commentary to § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including, as relevant here, "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). As one district court observed, under § 1B1.13,

"[a] family member's illness, absent incapacitation or death, is not enough to constitute an extraordinary and compelling family circumstance." United States v. Cruz-Rivera, No. 11-13, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020). Under the Guidelines, there are two situations where a defendant's family circumstances may present extraordinary and compelling reasons for compassionate release. First, an extraordinary and compelling reason may exist following the death or incapacitation of the caregiver of the defendant's minor child or minor children. Id. Notably, district courts have routinely denied motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child. See, e.g., United States v. Thornton, No. 18-167-1, 2020 WL 4368155, at *5 n.10 (W.D. Pa. July 29, 2020); United States v. Shine, No. 14-0451, 2020 WL 3440654, at *3 (N.D. Tex. June 23, 2020). Second, an extraordinary and compelling reason for release may exist following the incapacitation of the defendant's spouse. U.S.S.G. 1B1.13 cmt. n.1(C). The commentary to § 1B1.13 specifies that this second situation applies only "when the defendant would be the only available caregiver for the spouse." Id.

      The Court turns to the question of whether Cole is the sole available caregiver for his wife and daughter. Although it is true that, at the time of the presentence investigation report, Cole's mother-in-law was living in Cole's home and caring for his wife and daughter, it appears that these circumstances have changed. Cole represents that his mother-in-law has needed to secure employment outside of the home and, thus, to avoid exposing Cole's wife to COVID-19, his mother-in-law can no longer safely care for his wife and daughter. As for alternative family members who could serve as caregivers, Cole represents that, because his two brothers in the Detroit area work as first responders, they cannot safely take care of Cole's wife. To support his

representations, Cole submits notarized letters from his mother-in-law, one of his brothers, and a sister-in-law explaining why each of these family members are unable to safely care for Cole's wife and daughter. See Def. Supp. Brief at 66-70 (Dkt. 176).

Cole presents a strong case as to why his family circumstances could warrant compassionate release. However, the Court finds the § 3553(a) factors dispositive in this case. Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses and the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. With respect to the nature and circumstances of the offense, the health care fraud conspiracy in which Cole participated lasted for five years. During that time, Cole overbilled Medicare, Medicaid, and insurance companies in excess of $3.5 million out of his own pharmacy. The financial losses caused to Medicare, Medicaid, and insurance companies by all the pharmacies involved in the conspiracy totaled nearly $6 million. To successfully perpetuate this scheme, Cole and his coconspirators took advantage of a healthcare system that relies upon pharmacists to behave honestly and ensure medications are available for patients in need. The seriousness of Cole's offense is reflected by his offense level, which was increased due to the involvement of abuse of trust in the offense. Releasing Cole after serving only a little over a year of his sentence would not promote respect for the law or protect the public from further crimes by Cole. For these reasons, the § 3553(a) factors weigh decidedly against granting Cole's motion for a sentence reduction.

The hardship to Cole's family that may result is unfortunate, but not unusual. A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support. Often, a defendant's family's

needs can be met through other family members, neighbors, faith groups, community organizations and government agencies. Hopefully, the Cole family can find a solution in those possibilities.

### III. CONCLUSION

For the reasons stated above, Cole's motion for a sentence reduction (Dkt. 167) is denied.

SO ORDERED.

Dated: January 20, 2021　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2021.

　　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　　Case Manager