UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

ANTHONY COLE,

               Defendant.

_____/

Case No. 18-20237
Hon. Mark A. Goldsmith

## OPINION & ORDER
## DENYING DEFENDANT ANTHONY COLE'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 193)

Defendant Anthony Cole pleaded guilty to conspiracy to commit healthcare fraud.  See Judgment (Dkt. 137).  The Court sentenced him to 40 months' imprisonment on July 11, 2019.  Id. Cole, age 40, began serving his custodial sentence at FCI Hazelton on October 3, 2019.  He has served approximately a year and a half of his sentence.  Cole's projected release date is August 5, 2022.[1]

On June 4, 2020, Cole filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c), arguing that his spouse has a serious medical condition, which, in conjunction with the COVID-19 pandemic, render her incapable of caring for herself or their ten-year-old daughter (Dkt. 160).  The Court denied this motion without prejudice due to Cole's failure to exhaust his administrative remedies (Dkt. 166).  On October 7, 2020, after exhausting his administrative remedies, Cole filed a new motion, seeking a sentence reduction on the same bases as his June 4, 2020 motion (Dkt. 167).  On January 20, 2021, the Court denied this motion based on the factors

---

[1] According to Cole, although his projected release date is August 5, 2022, he will be eligible for placement in a residential reentry center (RCC) as of February 7, 2022.  See Pl. Reply at 5-6 (Dkt. 196).

listed in 18 U.S.C. § 3553(a) (Dkt. 178).  Cole has now filed a renewed motion for compassionate release, again seeking a sentence reduction to serve as a caregiver for his wife and daughter.  For the following reasons, Cole's motion is denied.[2]

## I.    LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582(c), such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences.  United States v. Ruffin, 978 F.3d 1000, 1003-1004 (6th Cir. 2020).  Before granting a compassionate-release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction," (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."  United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so.  18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the Sixth Circuit has held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13.  Jones, 980 F.3d at 1109.  It further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."  Id.

## II.    ANALYSIS

---

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2).

Before reaching the merits of Cole's motion, the Court addresses two threshold matters. First, the Court considers the Government's argument that the instant motion is "an untimely and groundless motion for reconsideration of this Court's January 20, 2021, Order." Resp. at 2 (Dkt. 195). Cole disagrees, arguing that § 3582 "does not provide for any limitations on the number of successive motions filed." Pl. Reply at 2. Cole is correct. As other courts within this district have held, the Court may address the merits of a second motion for compassionate release. See United States v. Harsten, No. 19-20188, 2021 WL 1115864, at *2 (E.D. Mich. Mar. 24, 2021) (citing United States v. English, No. 19-20164, 2021 WL 267774, at *2 (E.D. Mich. Jan. 27, 2021)). Because the Court did not deny Cole's previous motion with prejudice, Cole was not prevented from filing a new motion for compassionate release. The Court, therefore, will not treat the instant motion as an untimely motion for reconsideration of the Court's January 20, 2021 opinion.

Second, the Court considers whether Cole has satisfied the mandatory exhaustion requirement of § 3582(c)(1)(A). Some courts faced with successive motions for compassionate release have held that each successive motion for compassionate release must "independently satisfy the exhaustion requirement." E.g., United States v. Cain, No. 16-00103, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (citing United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020)) (other citations omitted). In this case, Cole only presents evidence to show that he satisfied the exhaustion requirement before filing his previous motion; he does not indicate whether he independently satisfied the requirement before filing his renewed motion. However, the Government does not challenge Cole's satisfaction of the exhaustion requirement for the instant motion. Ultimately, the Court need not decide whether the exhaustion requirement is motion specific. As discussed below, even assuming that Cole has satisfied the exhaustion requirement for purposes of his current motion, Cole still has not shown that he entitled to compassionate release.

Turning to the merits of Cole's motion, the Court begins its analysis by considering whether Cole has demonstrated the existence of extraordinary and compelling circumstances that warrant compassionate release. As he did in his previous motion for compassionate release, Cole argues that he should be released so that he can serve as the caregiver of his wife, Christina, who has an autoimmune disorder, and their ten-year-old daughter. Pl. Mot. at 5-8. Currently, Cole's mother-in-law is supporting his wife and daughter; however, his mother-in-law's "regular interaction with customers [at her place of employment] means that she is at risk of contracting COVID or passing it on to Christina." Id. at 8. The family also struggles financially without Cole's support. See id. at 7-8.[3] According to Cole, "[t]here are no other family members able to care for Christina and their daughter." Id. at 8. Based on these facts, the Court finds—as it did in its opinion entered on January 20, 2021—that "Cole presents a strong case as to why his family circumstances could warrant compassionate release." 1/20/21 Op. at 5 (Dkt. 178).

Even so, the § 3553(a) factors counsel that Cole is not entitled to compassionate release. Before granting a motion for compassionate release, the Court is required to consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. As the Court explained in its January 20, 2021 opinion, the § 3553(a) factors "weigh decidedly" against granting Cole's motion:

> With respect to the nature and circumstances of the offense, the health care fraud conspiracy in which Cole participated lasted for five years. During that time, Cole overbilled Medicare, Medicaid, and insurance companies in excess of $3.5 million out of his own pharmacy. The financial losses caused to Medicare, Medicaid, and insurance companies by all the pharmacies involved in the conspiracy totaled nearly $6 million. To successfully perpetuate this scheme, Cole and his coconspirators

---

[3] Cole represents that he will be able to financially support his family upon being released despite his criminal record because he is well educated, as evidenced by his multiple degrees. Pl. Mot. at 10-11. Further, he has reached out to military recruiters, who have purportedly informed him that his one non-violent conviction will not prevent him from joining the military upon his release. Id. at 11.

4

took advantage of a healthcare system that relies upon pharmacists to behave honestly and ensure medications are available for patients in need.  The seriousness of Cole's offense is reflected by his offense level, which was increased due to the involvement of abuse of trust in the offense.  Releasing Cole after serving only a little over a year of his sentence would not promote respect for the law or protect the public from further crimes by Cole.

Id.[4]

Cole argues that the § 3553(a) factors favor release in light of, among other things, his rehabilitation and conduct while incarcerated.  While incarcerated, Cole has not received any disciplinary infractions.  See Inmate Discipline Data, Ex. E to Pl. Mot. (Dkt. 193-6).  Further, Cole has completed multiple educational programming courses.  See Individualized Reentry Plan— Program Review, Ex. D to Pl. Mot. (Dkt. 193-5).  Also noteworthy is the fact that Cole holds several jobs at the facility where he is incarcerated.  Pl. Mot. at 10.  In his capacity as a "town driver," for example, he is entrusted to drive outside of the facility, and even outside of the state where the facility is located.  Id.  In another position, Cole teaches math to other inmates and is responsible for teaching an adult continuing education class.  Id.  The Bureau of Prisons has designated Cole as having a "minimum" risk of recidivism.  See Inmate History, Ex. C to Pl. Mot. (Dkt. 193-4).  Cole's clean disciplinary record and conduct while incarcerated are surely commendable.  However, his clean record and good conduct do not outweigh the other § 3553(a) considerations discussed above that strongly disfavor release.

Cole also argues that the § 3553(a) factors favor granting him release now because he may be released in less than a year.  In making this argument, Cole is referring to his RCC eligibility

---

[4] Although Cole had only served a little over a year as of his sentence when the Court issued its January 20, 2020 opinion, Cole has now served approximately a year and a half of his 40-month sentence.  This additional time served does not, however, alter the Court's conclusion that the § 3553(a) factors weigh against release.  Cole has still served less than half of his sentence.  Multiple courts within this circuit have declined to grant compassionate release where a prisoner has served less than half of his sentence.  See, e.g., United States v. Richards, No. 12-20372, 2021 WL 912389, at *3 (E.D. Mich. Mar. 10, 2021); United States v. Marcias-Farias, No. 10-35, 2020 WL 6877734, at *5 (W.D. Ky. Nov. 23, 2020).  This Court will follow suit.

date of February 7, 2022; his actual projected release date is over a year away, on August 5, 2022. Further, even though Cole is set to be released on or before August 5, 2022, he has served less than half of his 40-month sentence and has approximately 22 months remaining on his sentence.  In any event, the mere fact that a prisoner has less than a year remaining on his sentence does not, alone, entitle him to early release.  See, e.g., United States v. Williams, No. 15-20317, 2020 WL 4788024, at *2-4 (E.D. Mich. Aug. 18, 2020) (denying motion for compassionate release filed by prisoner who had less than a year left on his sentence).

However, based on Cole's notably praiseworthy performance during his incarceration, the nonviolent nature of his offense, and his low risk of recidivism, the Court believes that he ought to be given consideration by the BOP for placement in home confinement at the earliest appropriate date under 18 U.S.C. § 12003(b)(2).  Although the Court has no authority to order this relief, the Court recommends that the BOP give careful consideration to placing Cole in such a setting as soon as circumstances permit.

### III.    CONCLUSION

For the reasons stated above, Cole's renewed motion for a compassionate release (Dkt. 193) is denied.

SO ORDERED.

Dated:  April 20, 2021                                      s/Mark A. Goldsmith
     Detroit, Michigan                                 MARK A. GOLDSMITH
                                          United States District Judge